UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U-HAUL CO. OF ARIZONA, <br><br> Plaintiff, <br><br> v. <br><br> JOHNATHON O. DAVIS; MERAYSHA BOLER; ESTATE OF ALAIA JOHNSON; ELISE R. PRUCKLER; OCTAVEIN JOHNSON; ISIYA A. JONES; ALTAWAN B. BERDIN; DEREK A. LOVE; YELLOW CORPORATION D/B/A YRC FREIGHT; and TAMIRA M. COGDELL, <br><br> Defendants, | Case No. 1:23-cv-129 |

### INTERPLEADER AND DECLARATORY JUDGMENT COMPLAINT

Plaintiff, U-Haul Co. of Arizona ("UHAZ"), by its attorneys, Husch Blackwell LLP, for its Complaint against Defendants Johnathon O. Davis, Meraysha Boler, Estate of Alaia Johnson, Octavein Johnson, Isiya A. Jones, Altawan B. Berdin, Elise R. Pruckler, Derek A. Love, Yellow Corporation d/b/a YRC Freight, and Tamira M. Cogdell (collectively, "Defendants"), alleges as follows:

### NATURE OF THE CASE

1. This case arises out of a collision involving a rental truck bearing Arizona license plate number AE39812 and vehicle identification number 1GDY72BA9C1903225 (the "Subject Rental Vehicle"), and four other motor vehicles, on or about June 1, 2022 in Glenwood, Illinois, on I-394 northbound near the intersection of East Glenwood-Lansing Road (the "Collision").

2. In this action, UHAZ seeks two basic orders. The first is an order declaring that UHAZ may interplead potentially disputed sums representing the applicable minimum financial

1

requirement ("MFR") coverage for property damage and personal injuries into the Court pursuant to 28 U.S.C. § 1335 or, alternatively, under Federal Rule of Civil Procedure 22. The second is an order declaring that, upon the interpleader payment, UHAZ and its affiliates owe no further duties of defense or indemnification to Defendant Johnathon O. Davis ("Davis"), as the driver of the Subject Rental Vehicle, or Defendant Meraysha Boler ("Boler"), as the lessee of the Subject Rental Vehicle, under the terms of the Rental Agreement for the Subject Rental Vehicle pursuant to 28 U.S.C. § 2201.

## PARTIES

3. U-Haul Co. of Arizona is an Arizona corporation, with principal place of business located at 2721 North Central Avenue, Phoenix, Arizona 85004. The Subject Rental Vehicle is self-insured for the minimum financial responsibility under Illinois law through UHAZ.

4. Upon information and belief, Defendant Johnathon O. Davis ("Davis") is a resident and citizen of Illinois, residing at 306 34th Street West, Apt. 211, Steger, IL 60476. Davis drove the Subject Rental Vehicle at the time of the Collision.

5. Upon information and belief, Defendant Meraysha Boler ("Boler") is a resident and citizen of Illinois, residing at 15109 Cottage Grove Ave, Dolton, IL 60419 and a prior address of 15109 Country Club Avenue, Dolton, IL 60419. Boler rented the Subject Rental Vehicle.

6. Upon information and belief, Defendant Isiya A. Jones ("Jones") is a resident and citizen of Illinois, residing at residing at 306 34th Street West, Apt. 211, Steger, IL 60476. Jones was a passenger in the Subject Rental Vehicle at the time of the Collision.

7. Upon information and belief, Defendant Altawan B. Berdin ("Berdin") is a resident and citizen of Illinois, residing at 164 N Laporte Ave, Chicago, IL 60644. Berdin was a passenger in the Subject Rental Vehicle at the time of the Collision.

8. Upon information and belief, Defendant Elise R. Pruckler ("Pruckler") is a resident and citizen of Indiana, residing at 1811 N Arbogast St # A, Griffith, IN 46319 and a prior address of 17944 School Street, Lansing, IL 60438. Pruckler drove a Hyundai Tucson, vehicle identification number 1FUJA6CK36LV20629 ("Hyundai") involved in the Collision.

9. Upon information and belief, Decedent Alaia Johnson ("Johnson") was a minor, and at the time of death was a resident and citizen of Illinois, residing at 17844 School Street, Lansing, IL 60438, residing with Johnson's parent, Pruckler.

10. Upon information and belief, Defendant Octavein Johnson ("Octavein Johnson") is a resident and citizen of Illinois, residing at 1414 E. 15th Street, Ford Heights, IL 60411, and is believed to be a parent of the minor decedent, Alaia Johnson.

11. Upon information and belief, Defendant Derek A. Love ("Love") is a resident and citizen of Illinois, residing at 180 SE Marquette Lane, Kankakee, IL 60901. Love drove a Volvo Truck Tractor, vehicle identification number 4V4W19EG1KN216838 ("Volvo").

12. Upon information and belief, Defendant Yellow Corporation d/b/a YRC Freight ("YRC Freight") is a Delaware Corporation with its principal place of business at 10990 Roe Avenue MS A515, Overland Park, KS 66211. YRC Freight owned the Volvo at the time of the Collision.

13. Upon information and belief, Defendant Tamira M. Cogdell ("Cogdell") is a resident and citizen of Illinois, residing at 14521 Woodlawn Ave, Dolton, IL 60419, and a prior address of 632 E. 101st Pl, Chicago, IL 60628. Cogdell drove a Ford Fusion, vehicle identification number 1FMCU9EG9CKC82462 ("Ford") involved in the Collision.

## JURISDICTION AND VENUE

14. This Court has original jurisdiction under 28 U.S.C. § 1335 because the funds interpleaded into this Court's registry exceed $500 and there is minimal diversity among the

Defendants because at least two of the Defendants are citizens of different states, and supplemental jurisdiction over the remaining declaratory relief claim.

15. Alternatively, this Court has original jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, and there is complete diversity of citizenship among the parties because Plaintiff is a citizen of Arizona, and none of the Defendants are citizens of Arizona.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL BACKGROUND

### The Rental Agreement

1. A true and correct copy of the Rental Contract, and Rental Contract Addendum/Document Holder (referred to herein collectively as "Rental Agreement") by Boler, as lessee of the Subject Rental Vehicle, containing the liability coverage terms, limitations, and exclusions relevant to this action, is attached hereto and incorporated herein as **Exhibit A**.

2. On or about June 1, 2022, Boler rented the Subject Rental Vehicle from "U-HAUL MOVING & STORAGE OF RIVER OAKS," located at 1510 Torrence Avenue, Calumet City, Illinois 60409.

3. The Subject Rental Vehicle is self-insured with UHAZ.

4. As part of the Rental Agreement, UHAZ as a self-insured entity, provides the lessee and authorized drivers with liability protection pursuant to the financial responsibility or compulsory insurance laws of the jurisdiction in which the accident occurs, and in amounts compliant with the minimum financial requirements ("MFR") of that jurisdiction. (*See* Ex. A, Addendum – "3. LIABILITY PROTECTION").

5. This MFR coverage is in excess or secondary to any insurance coverages of the lessee or authorized drivers. It is presently unknown if any primary coverage is available arising out of the Collision. (*See* Ex. A, Addendum – "3. LIABILITY PROTECTION")

6. Pursuant to 65 ILCS 5/9-101 et seq., the basic coverage required for compliance related to property damages is $50,000.00, and related to bodily injury or death to two or more people is $100,000.00.

7. In addition to this MFR coverage, Boler had an opportunity to purchase additional liability coverage above the MFR protection, but declined to do so.

8. The Rental Contract provides in relevant part:

> The Company has no duty to defend lawsuits not covered by this liability protection. To the extent permitted by applicable law, the Company has no duty to defend any Authorized Driver in any claim or lawsuit rising out of acts prohibited by this Agreement. I understand that if a claim is made or a lawsuit is filed under the terms of this Agreement, and if no other source of defense is available to the Authorized Driver, the Company may defend the claim or lawsuit at its sole discretion. In defending the claim or lawsuit, the Company may, at its sole discretion make any settlements which the Company considers advisable. Company has a right, but not a duty, to defend a claim or lawsuit at its sole discretion. Company has the exclusive right to hire, retain, and direct its counsel of choice, if and when Company defends a claim or lawsuit hereunder.

(Ex. A, Addendum – "3. LIABILITY PROTECTION")

### The Collision and Investigation

9. On or about June 1, 2022, at or around 8:42 p.m., Davis – who was not the Subject Rental Vehicle lessee – was driving the Subject Rental Vehicle.

10. At or around that time, Jones and Berdin were allegedly passengers in the Subject Rental Vehicle.

5

11. At or around that time, the Subject Rental Vehicle was traveling northbound on I-394 near Glenwood-Lansing Road in Glenwood, Illinois. Davis allegedly was "cut off" by an unidentified vehicle that drove away, causing him to lose control of the Subject Rental Vehicle.

12. At or around that time, the Subject Rental Vehicle allegedly struck the Hyundai, driven and owned by Pruckler. Alaia Johnson was allegedly a passenger in the Hyundai.

13. The Subject Rental Vehicle next allegedly struck the Volvo, driven by Love and owned by YRC Freight.

14. The Subject Rental Vehicle then allegedly struck the Ford, driven and owned by Cogdell.

15. Upon information and belief, Davis, Pruckler, Alaia Johnson, Berdin, and Jones were each transported to hospitals from the accident scene with possible personal injuries.

16. Upon information and belief, Alaia Johnson has since died.

17. Pruckler is known to be represented by counsel, and has asserted a claim to the MFR funds from UHAZ on behalf of herself and Alaia Johnson.

18. Cogdell is known to be represented by counsel, and has asserted a claim to the MFR funds from UHAZ on behalf of herself.

19. Love and YRC Freight is known to be represented by counsel, and has not, to date, asserted a claim to the MFR funds from UHAZ, but potential property damage and/or personal injuries may have been sustained in the Collision.

20. Berdin is not known to be represented by counsel, and has not, to date, asserted a claim to the MFR funds from UHAZ, but potential personal injuries may have been sustained in the Collision.

21. Jones is not known to be represented by counsel, and has not, to date, asserted a claim to the MFR funds from UHAZ, but potential personal injuries may have been sustained in the Collision.

22. Octavein Johnson is not known to be represented by counsel, and has not, to date, asserted a claim to the MFR funds from UHAZ, but potential injuries may have been sustained as a result of the Collision.

**COUNT I**
**(Interpleader)**

23. UHAZ incorporates all of the foregoing allegations as though set forth fully herein.

24. Pruckler, Estate of Alaia Johnson, and Cogdell, by and through counsel, have alleged damages resulting from the Collision.

25. Boler, Davis, Berdin, Jones, Love, YRC Freight, and Octavein Johnson maintain an interest in or rights against UHAZ arising out of the Collision, because they were drivers, passengers, parents of passengers, owners, and/or lessees of the Subject Rental Vehicle, and/or the Volvo and/or the Hyundai.

26. UHAZ potentially faces competing claims from the defendants or unknown claimants to the same MFR proceeds arising out of the Collision and have a reasonable fear of incurring multiple liabilities to multiple claimants because of these potentially competing and adverse claims from the defendants.

27. Because of unsettled questions of damages, liability and coverage, and the competing claims against the MFR funds by Pruckler, Estate of Alaia Johnson, and Cogdell, and any other potential claimants, UHAZ is unable to pay the MFR proceeds to any single party demanding the sums.

HB: 4869-0214-0475.3

28. UHAZ is a disinterested stakeholder and claims no interest in the undistributed MFR proceeds.

29. As a result of the foregoing, UHAZ is prepared to and seeks consent of the Court to deposit the disputed proceeds under the Rental Agreement, pursuant to 28 U.S.C. § 1335, and other applicable laws or rules of equity, in the amount of $150,000.00, into the Clerk of the United States District Court for the Northern District of Illinois. The interpleaded proceeds will not earn interest upon the described deposit.

## COUNT II
### (Declaratory Judgment)

30. UHAZ incorporates all of the foregoing allegations, as though set forth fully herein.

31. Under the Rental Agreement and Illinois law, upon depositing the disputed MFR proceeds into the Court, or another account pursuant to an order of the Court, UHAZ's, and any of its affiliates', obligations to the named Defendants and any other claimant relating to the Collision, if any, will be fully satisfied.

32. UHAZ has no obligation to assume any extra-contractual defense or indemnification duties; its obligations are limited to those set forth in the Rental Contract.

33. Consequently, pursuant to 28 U.S.C. § 2201, UHAZ is entitled to a determination and declaration of their rights under Illinois law and the Rental Agreement that, upon deposit of the MFR proceeds into the Court, it and its affiliates owe no further obligations to any party and are relieved of any further obligations arising out of the Collison.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court issue orders:

A. Allowing and directing U-Haul Co. of Arizona to interplead the MFR sums;

HB: 4869-0214-0475.3

B. Declaring that upon such interpleader, U-Haul Co. of Arizona and its affiliates owe no further obligations to any party and are relieved of any further obligations arising out of the Collision and are dismissed from this matter with prejudice;

C. Enjoining Defendants from instituting or prosecuting any proceeding in any Illinois court affecting the proceeds identified by this interpleader action herein, until further order of the Court;

D. Granting such other relief as this Court deems just and reasonable in the circumstances.

Dated this 10th day of January, 2023.

                HUSCH BLACKWELL LLP
                Attorneys for Plaintiff

                *Electronically signed*
                By:   */s/ Brandan P. Mueller*
                      Brandan P. Mueller
                      Francis H. LoCoco
                      Margaret K. Heitkamp

<u>P.O. ADDRESS</u>:

Brandan P. Mueller (Bar No. 6275562)
**HUSCH BLACKWELL LLP**
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-480-1500
314-480-1505 (fax)
Brandan.Mueller@huschblackwell.com

Francis H. LoCoco (Bar No. 1012896)
Margaret K. Heitkamp (Bar No. 1101527)
**HUSCH BLACKWELL LLP**
511 North Broadway, Suite 1100
Milwaukee, WI 53202
414-978-5373
414-223-5000 (fax)
Frank.Lococo@huschblackwell.com
Margaret.Heitkamp@huschblackwell.com

9