UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U-HAUL CO. OF ARIZONA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:23-cv-00129 ) ) Hon. Robert W. Gettleman ) |
| JOHNATHON O. DAVIS; MERAYSHA BOLER; ESTATE OF ALAIA JOHNSON; ELISE R. PRUCKLER; OCTAVEIN JOHNSON; ISIYA A. JONES; ALTAWAN B. BERDIN; DEREK A. LOVE; YELLOW CORPORATION D/B/A YRC FREIGHT; and TAMIRA M. COGDELL, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER GRANTING INTERPLEADER AND DECLARATORY JUDGMENT

This matter came before the Court on a Stipulation for Interpleader and Declaratory Judgment by Plaintiff U-Haul Co. of Arizona ("UHAZ") and Defendants Estate of Alaia Johnson, Elise R. Pruckler, and Octavein Johnson (collectively, the "Parties").

Based upon the Stipulation of the Parties, and all the pleadings on file with the Court, the Court finds as follows:

1. On January 10, 2023, U-Haul Co. of Arizona ("UHAZ") filed its Interpleader and Declaratory Judgment Complaint ("Complaint") seeking to accomplish two things: (1) interplead disputed funds pursuant to 28 U.S.C. § 1335 or, alternatively, under Federal Rule of Civil Procedure 22; and (2) obtain declaratory relief that upon the interpleader payment, UHAZ and its affiliates owe no further duties of defense and indemnification to Defendants Johnathon O. Davis or Merayasha Boler based on the terms of a contract and pursuant to 28 U.S.C. § 2201. Doc. 1.

## JURISDICTION OVER THE INTERPLEADER AND DECLARATORY JUDGMENT CLAIM AND VENUE

2. The Court has jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1335 because UHAZ has property in its possession which it seeks to interplead into the registry of the Court of $150,000.00, which exceeds $500, and minimal diversity existed at the time this case was filed between two or more adverse claimants of diverse citizenship, because Defendants Cogdell, Love, Johnson, Pruckler, Berdin, Jones, Boler and Davis are citizens of Illinois, and Defendant Yellow Corporation is a citizen of Missouri and Delaware.

3. The Court has jurisdiction over UHAZ's declaratory judgment claim pursuant to 28 U.S.C. § 1367(a), as supplemental jurisdiction to the interpleader claim.

4. The Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, and there is complete diversity of citizenship among the parties because Plaintiff is a citizen of Arizona, and none of the Defendants are citizens of Arizona.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

6. Venue is also proper in this District pursuant to 28 U.S.C. § 1397, as the judicial district in which one or more claimants reside.

## THE SUBJECT ACCIDENT, PARTIES AND PROCEDURAL HISTORY

7. This case arises out of a multi-vehicle collision on or about June 1, 2022 in Glenwood, Illinois, on I-394 northbound near the intersection of East Glenwood-Lansing Road (the "Collision").

8.  According to the Illinois Traffic Crash Report prepared by the Illinois State Police, the Collision involved a rental truck bearing Arizona license plate number AE39812 and vehicle identification number 1GDY72BA9C1903225 (the "Subject Rental Vehicle"), and four other motor vehicles driven, owned, or occupied by the Defendants.

9.  The Illinois Traffic Crash Report states:

> Unit 1 [the Subject Rental Vehicle] was traveling Northbound on Illinois 394 at approximately Glenwood-Lansing Road in the left lane, Unit 2 was stopped in the left lane (construction zone) behind Unit 3 unknown vehicle, Unit 3 was stopped behind Unit 4 and Unit 4 was stopped behind Unit 5 in the left lane. Unit 1 failed to slow down approaching the construction zone and struck Unit 2 in the rear causing Unit 2 to overturn onto its passenger side, then Unit 2 landed on Unit 3 causing rear end damage. Unit 1 bounced off Unit 2 and continued Northbound hitting Unit 4 on the passenger side, then struck Unit 5 in the rear causing Unit 5 to go across right lane and off into a ditch with rear end damage. Unit 1 after hitting Unit 5 Unit 1 came to final rest facing Northbound against the median cables. . . .

See Exhibit 1, Illinois Crash Report at 2.

10. The Subject Rental Vehicle was rented to Defendant Meraysha Boler at the time of the Collision, and driven by Defendant Johnathon O. Davis at the time of the Collision.

11. Unit 2 was a Hyundai Tucson owned and driven by Elise Pruckler. Ms. Pruckler's minor child, Alaia Johnson, was a passenger of this vehicle at the time of the Collision.

12. Alaia Johnson died after the Collision allegedly as a result of injuries sustained during the Collision.

13. Octavein Johnson is another surviving parent of Alaia Johnson, and was not in one of the vehicles involved in the Collision at the time of the Collision.

14. This action was filed on January 10, 2023, and provided notice of the intent to interplead funds and obtain a declaration of the rights and relief more particularly described therein.

15. On May 17, 2023, the Court dismissed Defendants Yellow Corporation and Derek A. Love pursuant to a stipulation by the parties who had then-appeared, wherein Yellow Corporation and Derek A. Love waived a claim to funds UHAZ seeks to interplead and also agreed to be bound by a judgment entered by this Court. Docs. 33 & 34.

16. On May 18, 2023, the Court entered default against Defendants Johnathon O. Davis, Meraysha Boler, Isiya A. Jones, Altawan B. Berdin, and Tamira M. Cogdell. Doc. 35.

17. The remaining Defendants who are not in default are Ms. Pruckler, Mr. Johnson, and the Estate of Alaia Johnson, all represented by the same counsel at Clifford Law Offices, P.C.

## THE SUBJECT RENTAL CONTRACT

18. The Rental Contract, and Rental Contract Addendum/Document Holder (referred to herein collectively as the "Rental Agreement") providing for the rental of the Subject Rental Vehicle to Ms. Boler at the time of the Collision contained liability coverage terms, limitations, and exclusions relevant to the Collision. Specifically, it provided Ms. Boler and authorized drivers with liability protection pursuant to the financial responsibility or compulsory insurance laws of the jurisdiction in which the accident occurs, and in amounts compliant with the minimum financial requirements ("MFR") of that jurisdiction. *See* Doc. 1-1, Addendum – "3. LIABILITY PROTECTION".

19. The Subject Rental Vehicle is self-insured with UHAZ, who provides the MFR liability protection described in the preceding paragraph, as excess coverage to other insurance.

20. Pursuant to 65 ILCS 5/9-101 et seq., in Illinois the basic financial coverage required for compliance related to property damages is $50,000.00, and related to bodily injury or death to two or more people is $100,000.00.

21. Pursuant to the terms of the Rental Agreement, there is no duty to defend lawsuits, particularly if the liability protection has already been afforded by payment of the MFR funds into the Court's repository.

22. The Rental Agreement provides—inter alia and in relevant part—as follows:

> The Company has no duty to defend lawsuits not covered by this liability protection. To the extent permitted by applicable law, the Company has no duty to defend any Authorized Driver in any claim or lawsuit rising out of acts prohibited by this Agreement. I understand that if a claim is made or a lawsuit is filed under the terms of this Agreement, and if no other source of defense is available to the Authorized Driver, the Company may defend the claim or lawsuit at its sole discretion. In defending the claim or lawsuit, the Company may, at its sole discretion make any settlements which the Company considers advisable. Company has a right, but not a duty, to defend a claim or lawsuit at its sole discretion. Company has the exclusive right to hire, retain, and direct its counsel of choice, if and when Company defends a claim or lawsuit hereunder.

Doc. 1-1, Addendum – "3. LIABILITY PROTECTION".

## APPROPRIATENESS OF INTERPLEADER

23. The funds which UHAZ may be obligated to pay in total to any party or claimant pursuant to the Subject Rental Contract and Illinois law is $150,000.00.

24. Under Illinois law, a party may interplead when claims of multiple parties "arising out of the same or related subject matter" and "may expose plaintiff to double or multiple liability." 735 ILCS 5/2-409.

25. There are multiple potential claimants with an interest in the funds, whose interest in the funds are adverse and independent.

26. Based on the number of vehicles and parties involved in the subject accident, UHAZ maintains an identifiable concern of multiple claimants because of the adverse and competing claims for the funds.

27. UHAZ is uncertain which claimant is or may be entitled to the MFR funds for claims arising out of the Collision.

5

28. To avoid the potential for unnecessary or improper litigation, and without waiving any defense to coverage, UHAZ seeks to tender the MFR funds that are required under 5/9-101 et seq. and the parties stipulate to such payment.

### APPROPRIATENESS OF DECLARATORY JUDGMENT RELIEVING UHAZ AND ITS AFFILIATES OF ANY FURTHER OBLIGATIONS

29. Pursuant to 28 U.S.C. § 2361, the Court may enter an order restraining claimants from "instituting or prosecuting any proceedings in any U.S. courts affecting the funds until this Court enters further order. It also affords the Court the authority to discharge UHAZ from further liability, make a permanent injunction retaining proceedings affecting the funds, and make other appropriate order to enforce a judgment.

30. Pursuant to 28 U.S.C. § 2201 et seq. the Court also has the authority to declare rights in a case of an actual controversy.

31. There is an actual controversy over UHAZ and its affiliates' rights and obligations under the Rental Agreement, including—if any—the indemnity and defense obligations owed under the Rental Agreement for claims arising out of the Collision, and the parties stipulate to such declaration.

Based on the foregoing, it is ORDERED that:

A. U HAZ shall deposit $150,000.00 with the Clerk of the Court into Court's Registry, and the Clerk of the Court is directed to invest funds into CRIS (interest bearing account) until further order of the court

B. UHAZ and its affiliates owe no further defense or indemnity obligations to any party to this case arising out of the Rental Agreement.

C. UHAZ and its affiliates have exhausted their potential obligations to any party or claimant and owe no further defense or indemnity obligations to any party—identified or unidentified in this case.

D. UHAZ is discharged from this lawsuit and relieved of any claims by any party regarding the interpleaded funds, or defense or indemnity to any party involving the Collision and the Rental Agreement.

E. The parties to this case are enjoined from filing any suit relating to the funds against UHAZ and its affiliates in any other court.

It is so ORDERED this 27th day of July 2023.

/s/ Robert W. Gettleman
Robert W. Gettleman
U.S. District Court Judge